IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re:

**GEORGE R. RIPPLINGER, JR.**   Case No. 3:21-MC-00045-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On March 2, 2021, the Supreme Court of Missouri issued an Order suspending George R. Ripplinger, Jr. from the practice of law and directing that no application for reinstatement shall be entertained by the Supreme Court of Missouri for a period of one year from the date of the order. (Doc. 1, p. 1). Pursuant to Local Rule 83.3(c)(2), this Court directed Mr. Ripplinger to Show Cause in writing why it should not impose identical discipline.[1] Ripplinger filed a response. (Doc. 4).

The Court has reviewed Ripplinger's response and finds that he does not meet his burden under the local rule to overcome imposing reciprocal discipline. Under Local Rule 83.3(c)(4), the Court shall impose the identical discipline unless the respondent-attorney demonstrates, or the Court finds, one of four exceptions. Here, Ripplinger appears to argue that the procedure in Missouri was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." SDIL-LR 83.2(c)(4). Specifically, Ripplinger

---

[1] Local Rule 83.3(c)(2)(ii) provides: "an order to show cause directing that the attorney inform this Court within **30 days** after service of that order upon the attorney, personally or by mail, of any claim by the attorney predicated upon the grounds set forth in (4) below that the imposition of the identical discipline by the Court would be unwarranted and the reasons why."

notes that he responded to Missouri's Show Cause Order, and "[t]here was no communication from the [C]ourt about briefing or oral argument" (Doc. 4, p. 2).

"[T]he continued possession of a fair private and professional character is essential to the right to be a member of this Bar . . . [t]hey must, if they exist, follow the personality of one who is a member of the Bar, and hence their loss by wrongful personal and professional conduct, *wherever committed*, operates everywhere, and must, in the nature of things, furnish adequate reason in every jurisdiction for taking away the right to continue to be a member of the Bar in good standing." *Selling v. Radford,* 243 U.S. 46, 49 (1917) (emphasis added). "[A] jurisdiction can comply with the Constitution by imposing reciprocal discipline after relying on the evidentiary hearing process provided by another jurisdiction." *In re Richardson*, 692 A.2d 427, 433 (D.C. 1997)

The Seventh Circuit has addressed whether a district court wrongfully imposed reciprocal discipline based on the lack of due process in a second state's reciprocal disciplinary process. *See In re Kivisto*, 493 F. App'x 762, 765 (7th Cir. 2012). In *Kivisto*, the Supreme Court of Florida disbarred the respondent after investigating a complaint that the attorney had charged excessive fees. *Id.* at 763. Denying the attorney's request for a hearing, the Supreme Court of Illinois imposed reciprocal discipline and disbarred him. *Id.* at 765. Following the disbarment in Illinois, the United States District Court for the Northern District of Illinois ordered the attorney to show cause why he should not be disbarred from the practice of law in the Northern District. *Id.* at 763. The attorney responded to the show cause order, but the Northern District was not persuaded by the attorney's response and disbarred him. *Id.*

On appeal, the attorney argued that the Northern District "failed to consider whether he received a full and fair hearing in the Illinois proceeding, and by implication, in the Florida proceeding as well." *Id*. Affirming the Northern District's decision, the Seventh Circuit held that "[u]nder Rule 763 [ ] there was nothing left for the Supreme Court of Illinois to consider [and] [t]he Executive Committee [of the Northern District of Illinois] therefore did not err in finding that the Illinois procedures were adequate." *Id*. at 766–67.

Like the attorney in *Kivisto*, who was disbarred in Florida—and then reciprocally disciplined in Illinois without a hearing—Ripplinger was disciplined in Illinois and then reciprocally disciplined in Missouri without a hearing. Following *Kivisto*, the lack of a hearing or additional briefing in the Missouri proceeding does not bar the Court from imposing reciprocal discipline on Ripplinger.

Certainly, *Kivisto* is distinguishable because the Supreme Court of Illinois has different reciprocal disciplinary procedures than the Supreme Court of Missouri, but the critical issue in *Kivisto* is the same here. Like *Kivisto*, where the attorney did not argue that he was deprived due process by the Florida proceeding—Ripplinger does not argue that he was deprived due process by the original disciplinary proceeding in Illinois. Also, like *Kivisto*, where the attorney did not claim that "substantially less discipline was warranted in Illinois for the conduct of which he was found guilty in Florida," *id*. at 766, Ripplinger does not claim that he should have received less discipline in Missouri.[2] In

---

[2] At most, Ripplinger notes that "[d]isciplinary counsel recommended suspension, allowing an application for reinstatement after 6 months. The Missouri Supreme Court increased the time to apply for reinstatement to one year" (Doc. 4, p. 2).

fact, Ripplinger's response fails to explain the reasoning behind the Supreme Court of Missouri's harsher discipline *at all*. Missouri's Chief Disciplinary Counsel noted that an additional aggravating factor should be added for the Supreme Court of Missouri's consideration: Ripplinger failed to report the May 2018 Illinois Supreme Court censure to Missouri disciplinary authorities. (Doc. 4-4, p. 3).[3] Regardless of Ripplinger's "strategy," he failed to argue that less discipline was warranted in Missouri for his conduct.

For these reasons, an order of reciprocal discipline similar to the Supreme Court of Missouri is **ENTERED**, and Ripplinger is **SUSPENDED** from the practice of law before this Court until such time as he provides the Southern District of Illinois with verification of his reinstatement to the bar of the Supreme Court of Missouri.[4]

**IT IS SO ORDERED.**

DATED:   May 14, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] Notably, Ripplinger also failed to report the Missouri Supreme Court suspension to this district court. In November 2020, Missouri's Office of Chief Disciplinary Counsel issued an order to show cause. By March 4, 2021, Missouri's Supreme Court disciplined Ripplinger. The Court was not made aware of the Missouri Supreme Court suspension until March 31, 2021.

[4] This follows the Order on Attorney Discipline imposed by the United States Court of Appeals for the Eighth Circuit. (Doc. 4-7). By imposing discipline in this manner, Ripplinger will not have to come back to the Court if the Supreme Court of Missouri decreases the time to apply for reinstatement to three months or less. However, Ripplinger is reminded to review Local Rule 83.4 regarding the reinstatement of attorneys. Under Local Rule 83.4, "[a]n attorney suspended for more than three months or disbarred may not resume practice until reinstated by Order of this Court." SDIL-LR 83.4(a).