IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re:

**GEORGE R. RIPPLINGER, JR.**  Case No. 3:21-MC-00045-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff George Raymond Ripplinger, Jr.'s Motion for Reconsideration (Doc. 6). For the reasons set forth below, Ripplinger's Motion for Reconsideration is denied.

## BACKGROUND

On March 2, 2021, the Supreme Court of Missouri issued an Order suspending George R. Ripplinger, Jr. from the practice of law and directing that no application for reinstatement shall be entertained by the Supreme Court of Missouri for a period of one year from the date of the order. (Doc. 1, p. 1). Pursuant to Local Rule 83.3(c)(2), this Court directed Mr. Ripplinger to Show Cause in writing why it should not impose identical discipline.[1]

Ripplinger filed a response. (Doc. 4). In that Response to Show Cause, Ripplinger "recognize[s] this Court's authority to impose reciprocal discipline and [he] [ ] [was]

---

[1] Local Rule 83.3(c)(2)(ii) provides: "an order to show cause directing that the attorney inform this Court within **30 days** after service of that order upon the attorney, personally or by mail, of any claim by the attorney predicated upon the grounds set forth in (4) below that the imposition of the identical discipline by the Court would be unwarranted and the reasons why."

*willing to accept this Court's verdict*" (Doc. 4, p. 2) (emphasis added). The Court entered an order of reciprocal discipline similar to the Supreme Court of Missouri, and explained its reasoning. On June 11, 2021, Ripplinger filed the Motion for Reconsideration (Doc. 6).

## DISCUSSION

Ripplinger filed his motion within 28 days of the entry of judgment, thus the Court may construe it as a motion under Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). "The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Indeed, reconsideration of an interlocutory order is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id*. at 1192 (citation omitted).

Ripplinger does not argue any of the above, but instead submits additional

"factual background for each of the three violations referenced in the charges." (Doc. 6, p. 1). Ripplinger continues explaining that "[he] [does] not believe that these transgressions deserve a sanction by this Court or any other Court more severe than a reprimand or, as the Illinois Supreme Court agreed, a censure." (*Id*. at p. 12).

Ripplinger has failed to provide anything to change the fact that he failed to meet his burden under the local rule to overcome imposing reciprocal discipline. Under Local Rule 83.3(c)(4), the Court shall impose the identical discipline unless the respondent-attorney demonstrates, or the Court finds, one of four exceptions. The Court acknowledged that Ripplinger argued that the procedure in Missouri was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." SDIL-LR 83.3(c)(4). Ripplinger even noted that he responded to Missouri's Show Cause Order, and "[t]here was no communication from the [C]ourt about briefing or oral argument" (Doc. 4, p. 2). Ripplinger does not contest whether he argued a different exception applied, or that the Court made an error. Accordingly, Ripplinger's Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

**DATED:  June 15, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**