IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEORGE R. RIPPLINGER, JR. | ) | Case No. 21-MC-00045-DWD |
| | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Mr. George Ripplinger, Jr. was admitted to the Illinois Bar in 1970 (Doc. 4-2, ¶ 1). On May 24, 2018, the Illinois Supreme Court censored Mr. Ripplinger pursuant to Illinois Supreme Court Rule 762(b) in connection with Mr. Ripplinger's conduct in the Massac County, Illinois Case, *Henley v. Schaarf, et al*, Case No. 2007-L-28 (Doc. 4-2). According to allegations made by the Illinois Attorney Registration and Disciplinary Commission, Mr. Ripplinger obstructed another party's access to evidence, failed to comply with discovery, was dishonest, and violated court orders regarding the presentation of evidence in the *Henley* trials (Doc. 4-2). Mr. Ripplinger did not contest these allegations (Doc. 4-2, p. 14), and continues to accept the findings from the disciplinary actions against him (*See* Doc. 13).

On March 4, 2021, the Missouri Supreme Court suspended Mr. Ripplinger's license in the State of Missouri for a period of one year (Doc. 1). The Missouri Supreme Court submitted a copy of the disciplinary action to the Clerk's Office in this District (Doc. 1), initiating this action. The Clerk of Court issued a show cause order, giving Mr. Ripplinger 30 days to declare why the District should not impose similar discipline (Doc. 2). Mr. Ripplinger filed a timely response, noting that he was willing to accept the

imposition of reciprocal discipline, but asked that he be censured opposed to suspended in accordance with the Illinois Supreme Court's discipline (Doc. 4).

In an Order dated May 14, 2021, Chief Judge Rosenstengel suspended Mr. Ripplinger "until such time as he provides the Southern District of Illinois with verification of his reinstatement of the bar of the Supreme Court of Missouri." (Doc. 5). Chief Judge Rosenstengel's Order reflected Local Rule 83.3(c)(4) – imposing "identical discipline" unless the record provides a basis for doing otherwise; Mr. Ripplinger's response to the show cause order had provided none.

Mr. Ripplinger would have been eligible to petition for reinstatement in the State of Missouri on March 4, 2022. While Mr. Ripplinger completed his state suspension, he did not petition the Missouri Supreme Court for reinstatement. Mr. Ripplinger represents that he is currently 77 years of age and does not desire to resume the practice of law in Missouri. Instead, he is winding down his practice in general. Mr. Ripplinger states that he remains in good standing with the bar of Illinois, and he only seeks reinstatement in this District so he can continue the representation of his client in a matter that was removed to this Court (Doc. 9). This case was originally filed in the Circuit Court of St. Clair County, Illinois, but was removed to this District on May 6, 2022. *See Gering v. Burger et al*, Case No. 22-cv-965-SPM, at Doc. 1.

On May 11, 2022, Mr. Ripplinger petitioned for reinstatement under Local Rule 83.4.(c), which provides:

> Petitions for reinstatement . . . under this rule shall be filed with the Chief Judge. Upon receipt of the petition, the Chief Judge shall promptly refer the petition to counsel and shall assign the matter for prompt hearing before

> one or more judges of this Court . . . . The judge or judges assigned to the matter shall, within 30 days after referral, schedule a hearing at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in the law required for admission to practice law before this Court and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice or subversive of the public interest.

SDIL-LR 83.4(c). Pursuant to Local Rule 83.4(c), Chief Judge Rosenstengel assigned this matter to the undersigned for a hearing, and the Court appointed Mr. Ted Gianaris of Gianaris Trial Lawyers as counsel (Doc. 12). Mr. Gianaris conducted a thorough investigation, noting his findings in a letter to the Court and recommending reinstatement (Doc. 13).

In assessing Mr. Ripplinger's fitness to be reinstated, Mr. Gianaris noted that Ripplinger was candid and fully acknowledged his disciplinary history and took responsibility for his actions. Mr. Gianaris further noted that Ripplinger is a seasoned lawyer with "a robust history of volunteer work benefiting the bar and the community"; indeed, he is currently serving the Illinois State Bar Association. Mr. Gianaris noted that he did not have information about Mr. Ripplinger's "moral qualifications" except what was in the record, namely that Ripplinger provided mitigating evidence to the Illinois Supreme Court by cooperating in his disciplinary proceedings and has no prior discipline over his long career. Mr. Gianaris indicated that Ripplinger has subpoenaed witnesses that may be able to testify as to his moral qualifications should the Court determine that a hearing on this matter is needed. Finally, Mr. Gianaris observed that Ripplinger has the "competency and learning in the law required for admission to practice law before

this Court." To that end, he highlighted that Mr. Ripplinger's competency and learning were never called into question in any of his disciplinary proceedings.

The Court **FINDS** by clear and convincing evidence that Mr. George R. Ripplinger, Jr. has demonstrated that he has the moral qualifications, competency, and learning in the law required for admission to practice law in this District and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice or subversion of the public interest. *See* SDIL-LR 83.4(c). The Court sees no reason to make the reinstatement conditional upon payment of some, part, or all of the proceedings. *See* SDIL-LR 83.4(f). The Court, therefore, **GRANTS** the Motion for Reinstatement (Doc. 9). The Clerk of Court is **ORDERED** to **REINSTATE** Mr. Ripplinger as an attorney in good standing and to forward a copy of this Order to him at the address listed on the docket.

Finally, the Court thanks Mr. Gianaris for his thorough investigation of this matter; his time is greatly appreciated.

**SO ORDERED.**

Dated: June 21, 2022

_____
DAVID W. DUGAN
United States District Judge

4